**HOAGE, Deputy Commissioner, et al. v. HARTFORD ACCIDENT & IN-DEMNITY CO.**

No. 6226.

United States Court of Appeals for the District of Columbia.

Argued Nov. 8, 1935.

Decided March 25, 1935.

Rehearing denied April 26, 1935.

Leslie C. Garnett, U. S. Atty., John J. Wilson, Asst. U. S. Atty., Edward S. Brashears, Albert F. Beasley, and Wilson L. Townsend, all of Washington, D. C., for appellants.

Cornelius Doherty, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District enjoining the enforcement of a compensation order entered by one of appellants, a Deputy Commissioner, United States Employees' Compensation Commission.

On January 24, 1932, Adolph C. Lurig, an ornamental ironworker, was engaged in repairing a door in the grillwork in the banking house of the Munsey Trust Company in the District of Columbia when the door fell upon him, inflicting an injury which resulted in his death.

The trust company had employed Mr. Lurig, according to the finding of the court below, "a number of times before to do work of a similar nature and on each occasion Adolph Lurig submitted a bill for the work done upon the basis of time spent on the job. These repair jobs occurred at infrequent intervals and were all of a similar nature. * * * Mr. Lurig on one occasion brought a helper with him and he was permitted to use other employees of the Munsey Trust Company to assist him if they were needed. That during all of this time Adolph Lurig followed his vocation as an ornamental ironworker, and had been employed for approximately two years prior to the date of the accident in the construction work on the new Commerce Department Building."

The Deputy Commissioner found that Lurig, at the time of his injury, was in the employ of the Munsey Trust Company, and that the injury "arose out of and occurred in the course of his employment."

In its amended bill, appellee alleged that Lurig at the time of his injury was not an employee of the trust company, and, consequently, that the Deputy Commissioner was without jurisdiction in the premises. Appropriate relief (including general relief) was prayed. There was also a prayer that a trial de novo be awarded. The court denied appellants' motions to dismiss the amended bill. Thereupon appellants filed

separate answers. Appellee moved to strike these answers. The court denied the motion to strike, but awarded a trial de novo. Appellants, by their attorneys, noted "no objection" to that award.

At the hearing before the court below appellants conceded (as they do here) that Lurig's employment was casual, in the sense that it was occasional and infrequent, but contended that the employment was in the usual course of business of the trust company, and therefore within the purview of the Compensation Act. The court found that Lurig was an employee of the trust company, but was performing work that "was both casual and not in the usual course of the business" of the company, and that consequently the enforcement of the award of the Deputy Commissioner should be enjoined.

Counsel for appellants concede that "the findings of fact made by the lower court were not excepted to, nor was any bill of exceptions filed in this cause, since the appellants feel that the court's findings of fact fairly and fully reflect the substance of the testimony given at the trial, and the testimony at the trial in the lower court was substantially the same as the testimony presented at the hearing before the Deputy Commissioner, which appears in the amended bill of complaint. The appellants feel that the issues raised upon this appeal may be disposed of upon propositions of law. * * *" Inasmuch, therefore, as no issue of fact is involved, it is unnecessary for us to determine whether the trial court properly awarded a trial de novo.

By the Act of May 17, 1928 (45 Stat. 600, D. C. Code, title 19, §§ 11 and 12, 33 USCA § 901 note), Congress made applicable to employees in the District of Columbia the provisions of the Longshoremen's and Harbor Workers' Compensation Act (Act of March 4, 1927, 44 Stat. 1424, 33 U. S. C. §§ 901–950, 33 USCA §§ 901–950). Section 2 of the local act (45 Stat. 600, D. C. Code 1929, T. 19, § 12 (4) reads in part as follows: "This Act [chapter] shall not apply in respect to the injury or death of * * * (4) an employee engaged in agriculture, domestic service, or any employment that is casual and not in the usual course of the trade, business, occupation, or profession of the employer." If, therefore, Lurig's employment at the time of his injury was "casual and not in the usual course of the trade, business, occupation, or profession of the employer," there is no

basis for the award of the Deputy Commissioner. We agree with the court below that the employment was both casual and not in the usual course of the trade or business of the trust company. The business of that company is banking. The words "usual course" refer to normal operations constituting the regular business of the employer. Maryland Casualty Co. v. Pillsbury, 172 Cal. 748, 158 P. 1031; Uphoff v. Industrial Board, 271 Ill. 312, 111 N. E. 128, L. R. A. 1916E, 329, Ann. Cas. 1917D, 1; Holbrook v. Olympia Hotel Co., 200 Mich. 597, 166 N. W. 876; Callihan v. Montgomery, 272 Pa. 56, 115 A. 889.

The decree must be affirmed.

Affirmed.